

# CT Corporation

**Service of Process Transmittal**
02/23/2021
CT Log Number 539097195

**TO:** Amtrak Legal Department
Amtrak
1 MASSACHUSETTS AVE NW # 549
WASHINGTON, DC 20001-1401

**RE:** Process Served in District of Columbia

**FOR:** National Railroad Passenger Corporation (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LYNMEKO GREEN, PLTF. vs. NATIONAL RAILROAD PASSENGER CORP., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL2001085B04 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/23/2021 at 15:36 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780113273014 |
| | Image SOP |
| | Email Notification, Camille Ross ucar@amtrak.com |
| | Email Notification, Brookklin Brown brookklin.brown@amtrak.com |
| | Email Notification, Amtrak Legal Department sop@amtrak.com |
| | Email Notification, Vicki Duncan vicki.duncan@amtrak.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

*HB email*

**RECEIVED**
AMTRAK
FEB 23 2021
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

Page 1 of 1 / SS


DEFENDANT'S EXHIBIT 1

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

LYNMEKO GREEN,

    Plaintiff,

Case No.: CL20010858-04
PLAINTIFF DEMANDS
TRIAL BY JURY

v.

NATIONAL RAILROAD PASSENGER CORP.
d/b/a "Amtrak,"

    Defendant.

## COMPLAINT

Plaintiff, Lynmeko Green ("Plaintiff" or "Green"), by counsel, moves for judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORP. (hereinafter "Amtrak"), for the following reasons:

1. Amtrak conducts substantial business activity in the City of Newport News, Virginia. Plaintiff resides in Williamsburg, Virginia.

2. On or about April 16, 2018, Plaintiff was a passenger aboard the Amtrak Train No. 80 (hereinafter "the Train") which departed from Selma, North Carolina and arrived at Richmond Staples Mills station in Henrico County, Virginia. Green was scheduled to switch trains at Richmond Staples Mills station and take a connecting train to Williamsburg, Virginia.

COOPER HURLEY
AV® Law Firm
125 St Pauls Blvd.
Suite 510
Norfolk, VA 23510

1

3. On or about April 16, 2018, after the Train from North Carolina arrived at Richmond Staples Mills, Plaintiff attempted to exit the Train. Plaintiff was caused to fall as she attempted to exit the railcar on steps that were in an unsafe condition for passenger use as slippery, wet, or having a liquid foreign substance. Plaintiff was caused to fall due to Amtrak's negligently provided method of egress from the train car for its passengers, including the unsafe use of slippery surfaces, wet steps, or steps with other liquids, that descended from the train.

4. At all times material hereto, all of the property, equipment, machinery, vehicles, and operations involved in this incident or hereinafter described were owned, operated, inspected, maintained, and/or under the direction and control of the Defendant, Amtrak.

5. At all times material hereto, Defendant Amtrak acted as a commercial common carrier for hire and thereby owed all passengers, including Plaintiff, a high degree of care, as well as the duty to use ordinary care to protect the safety of passengers.

6. At all times material hereto, Defendant Amtrak is vicariously liable for the negligent acts and/or omissions of its duly authorized agents, servants, workmen, employees, supervisors, and/or managers all of whom were acting within and in the course and scope of their employment for Defendant.

7. At all times material hereto, it was the duty of the Defendant to act with reasonable care and due regard for the safety of others, especially passenger invitees including Plaintiff.

COOPER HURLEY
AV® Law Firm
125 St Pauls Blvd.
Suite 510
Norfolk, VA 23510

2

8. Notwithstanding the aforementioned duties, Defendant breached the duties owed to Plaintiff and negligently, recklessly, and carelessly acted, and/or failed to act reasonably, through their duly authorized agents, servants, workmen, employees, supervisors, and/or managers acting within and in the course and scope of their employment.

9. The negligence, recklessness, and/or carelessness of Defendant consisted of the following:

a. Failing to provide an escort for passengers exiting the train car and/or failing to provide any assistance to passengers trying to exit on the unsafe and dangerously slippery steps;

b. Failing to comply with safety rules, operating rules, and/or regulations for passenger safety;

c. Failing to adopt proper protocols, procedures, policies, safety rules, operating rules, and/or regulations to ensure a reasonably safe egress for passengers exiting the train cars;

d. Using dangerous and unsafe wet steps, and/or unsafe steps with liquid on the surface, for passengers exiting the train cars;

e. Failing to use and provide a safe method of egress for passengers exiting the train cars and failing to make sure that the steps used by passengers to exit the train were dry and safe;

f. Permitting a dangerous condition to exist;

g. Failing to provide proper training and/or instruction for employees and

COOPER HURLEY
AV® Law Firm
125 St Pauls Blvd.
Suite 510
Norfolk, VA 23510

3

passengers;

h. Failing to provide proper oversight of employee action, behavior, and conduct;

i. Failing to provide and implement proper safety redundancies to ensure incidents such as this could and would not occur;

j. Failing to use due care under the circumstances, including failing to warn Plaintiff about the dangers of the wet steps;

k. Failing to make sure that the attendant, who normally assisted passengers to exit the train safely, was present to assist Plaintiff instead of talking to another employee when Plaintiff was exiting the train;

l. Such other and further acts of negligence, carelessness, and recklessness as will be developed by future discovery in this case; and

m. Being otherwise negligent in law and/or fact.

10. As a direct and proximate result thereof, due to the negligence of Defendant herein, Plaintiff has suffered serious bodily injury; has been and will continue to be forced to incur substantial medical bills in an effort to be cured of her injuries; has incurred, and will continue to incur, lost wages and/or reduced income; has suffered, and continues to suffer, severe physical pain and mental anguish; has been and continues to be inconvenienced; has lost and will continue to lose out on enjoyment of life's pleasures; and has been prevented and will in the future be hindered from attending to her business and personal affairs.

COOPER HURLEY
AV® Law Firm
125 St Pauls Blvd.
Suite 510
Norfolk, VA 23510

WHEREFORE, Plaintiff prays for judgment against the Defendant in the amount of $ 2,000,000.00 (two million dollars) as compensatory damages plus interest from the date of the injury until paid, plus the costs in this matter expended.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

LYNMEKO GREEN

By: _____
Of Counsel

John M. Cooper, Esquire (VSB # 29064)
COOPER HURLEY INJURY LAWYERS
125 St. Pauls Blvd, Suite 510
Norfolk, VA 23510
(757) 445-0077 (phone)
(757) 455-8274 (fax)
jcooper@cooperhurley.com
Counsel for Plaintiff

COOPER HURLEY
AV® Law Firm
125 St Pauls Blvd.
Suite 510
Norfolk, VA 23510

5

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

| | |
|---|---|
| **LYNMEKO GREEN** ) | |
| ) | Case No.: CL2001085B-04 |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **NATIONAL RAILROAD PASSENGER** ) | |
| **CORP. d/b/a "Amtrak"** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT NATIONAL RAILROAD PASSENGER CORP.'s ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, National Railroad Passenger Corporation d/b/a "Amtrak" ("Defendant") by and through counsel, KIERNAN TREBACH LLP, and for its Answer to Plaintiff's Complaint, states the following:

### PARTIES

1. Defendant is without sufficient information or belief to admit or deny the allegations contained in Paragraph 1 of the Complaint concerning where Plaintiff resides. Defendant only admits that it conducts business activity in the City of Newport News, Virginia.

2. Defendant is without sufficient information or belief to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3. Defendant denies the allegations in Paragraph 3 of the Complaint and demands strict proof thereof.

4. Defendant is without sufficient information or belief to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same and demands strict proof thereof.

1

5. Plaintiff's allegations in Paragraph 5 are legal conclusions and require no response by Defendant. To the extent that any answer is required, Defendant denies the allegations to the extent the exceed the duties required of this Defendant pursuant to common law or statute, is without sufficient information or belief to admit or deny the allegations contained in Paragraph 5 of the Complaint as it does not have proof Plaintiff was a passenger, and therefore denies the same and demands strict proof thereof.

6. Plaintiff's allegations in Paragraph 6 are legal conclusions and require no response by Defendant. To the extent that any answer is required, Defendant is without sufficient information or belief to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Plaintiff's allegations in Paragraph 7 are legal conclusions and require no response by Defendant. To the extent that any answer is required, Defendant denies the allegations to the extent they exceed the scope of rights and duties as set forth in common law or by statute, and holds Plaintiff to her proofs at trial.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, including subparts (a) through (l).

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, denies that Plaintiff was injured in the manner and to the extent alleged, and demands strict proof thereof.

11. Any allegation that is not expressly admitted is denied.

WHEREFORE, Defendant Amtrak denies that it is indebted to Plaintiff in a sum of Two Million Dollars and Zero Cents ($2,000,000.00) in compensatory damages, plus post-judgment interest from the date of the judgment and all litigation costs, or in any amount.

## AFFIRMATIVE DEFENSES

Defendant, by and through counsel, KIERNAN TREBACH LLP, pleads the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Recovery of all or part of Plaintiff's damages are or may be barred by operation of statute and regulation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims must fail, in whole or in part, because Amtrak did not breach any duty of care owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by her own sole or contributory negligence, which negligence was the cause of all or part of her own injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to take due and appropriate care in the mitigation of her alleged injuries and damages and her recovery from Defendant is therefore barred in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claimed damages are attributable to the intervening and/or superseding acts of negligence, breaches, and/or other wrongdoing of others.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were proximately caused by act(s) of commission or omission of third parties over whom this Defendant exercised no control or right to control, which act(s) intervened between Defendant's acts and Plaintiff's alleged injury, thereby barring Plaintiff from any recovery from Defendant.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff's alleged injuries and damages, if any, were caused by pre-existing conditions and/or injury-producing incidents other than the incident of which is complained.

### TENTH AFFIRMATIVE DEFENSE

Defendant Amtrak denies all allegations of negligence and/or breach of duty as set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

All defenses are hereby preserved.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon other affirmative defenses which may become available or apparent during discovery, and hereby reserves the right to amend its Answer to assert such defenses.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed and/or that judgment be entered in favor of Defendant.

## JURY DEMAND

Defendant demands a trial by jury on all issues raised herein.

Date: March 12, 2021

**KIERNAN TREBACH LLP**

*/s/ Felicity McGrath*
Felicity A. McGrath, Esq. (VSB No. 41708)
1233 20th St., N.W., Ste. 800
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
fmcgrath@kiernantrebach.com
*Counsel for Defendant National Railroad Passenger Corporation d/b/a Amtrak*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a true and correct copy of the foregoing was served by U.S. Mail, first-class, postage prepaid and e-mail on the following:

John M. Cooper, Esq.
Cooper Hurley Injury Lawyers
125 St. Pauls Blvd, Suite 10
Norfolk, VA 23510

*/s/ Felicity McGrath*
Felicity A. McGrath, Esq.